PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3427
_____

UNITED STATES OF AMERICA

v.

ANDREW LUCAS;

Diamond Developers at
Burke Farm, LLC*,

Appellant
*(Pursuant to Fed. R. App.
P. 12(a))
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-14-cr-00052-001)
District Judge: Honorable Freda L. Wolfson
_____

Argued on September 10, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: January 20, 2021)

William R. Cowden [Argued]
1750 K Street, N.W.
Suite 900
Washington, DC 20006

*Counsel for Appellant*

Mark E. Coyne
Sarah A. Devlin [Argued]
John E. Wilson, Jr.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Norman Gross
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101

*Counsel for Appellee*

_____

OPINION
_____

HARDIMAN, *Circuit Judge.*

This is an appeal from a criminal forfeiture order. Defendant Andrew Lucas—who was convicted by a jury of several federal crimes—devised a scheme to take control of real estate known as Burke Farm in Manalapan, New Jersey. Lucas was sentenced to 60 months' imprisonment and consented to the forfeiture of Burke Farm because it was purchased with proceeds of his fraud.

Appellant Diamond Developers at Burke Farm, LLC filed a petition in the District Court asserting an interest in Burke Farm. Diamond Developers claimed an interest superior to that of the United States under 21 U.S.C. § 853(n)(6)(A) because it acquired Burke Farm in 2004, several years before Lucas's crimes caused a property interest to vest in the United States. The District Court dismissed Diamond Developers's petition and entered summary judgment for the Government. Diamond Developers filed this appeal. We will reverse.

I

A financial advisor with his own firm, Lucas devised an illegal scheme to take over Burke Farm. His goal was to use the farm to obtain funding from a New Jersey program that paid property owners for easements to preserve farmland.

In December 2009, Lucas submitted a fraudulent application to assume Burke Farm's mortgage. Two months later, he obtained a $250,000 loan from a client named Robert Janowski. Lucas said he would invest Janowski's money in a company called VLM Investments, LLC; instead Lucas used it as a down payment on the farm's mortgage. Compounding that

3

lie, Lucas forged the signature of his cousin, Thomas Littlefield, on the promissory note for the $250,000 loan.

The next month (March 2010), Lucas, his wife, and his father acquired the limited liability company that owned Burke Farm (Diamond Developers) by agreeing to handle the farm's mortgage payments, thereby relieving Diamond Developers's original members of their debt obligations.

The Government eventually discovered the crimes that facilitated Lucas's acquisition of Diamond Developers and indicted him on eleven counts. In September 2014, a jury convicted Lucas on all counts: one count of wire fraud, 18 U.S.C. § 1343; one count of engaging in an illegal monetary transaction, 18 U.S.C. § 1957; one count of loan application fraud, 18 U.S.C. § 1014; three counts of making false statements to the Internal Revenue Service, 18 U.S.C. § 1001; three counts of aggravated identity theft, 18 U.S.C. § 1028A(a)(1); one count of obstructing a grand jury investigation, 18 U.S.C. § 1503; and one count of falsifying records in a federal investigation, 18 U.S.C. § 1519.

II

The Government sought criminal forfeiture of Burke Farm because Lucas's crimes enabled his acquisition of the farm. Lucas consented to the forfeiture in conjunction with his 60-month sentence. But after the District Court entered a preliminary order of forfeiture, Diamond Developers filed a petition under 21 U.S.C. § 853(n)(6)(A), which protects a third party from criminal forfeiture when it owned the property at the time of the relevant crimes. There was no dispute that Diamond Developers owned Burke Farm starting in 2004, over five years before Lucas's offenses.

4

The District Court nevertheless granted the Government's motion for summary judgment. It did so based on the following undisputed timeline:

- 2004: Diamond Developers, then owned by Tucker Development, LLC and Anthony Garofalo, acquired Burke Farm.

- December 2009: Lucas submitted the fraudulent mortgage application to facilitate his and his family's acquisition of Diamond Developers.

- February 2010: Lucas fraudulently obtained the $250,000 for the mortgage down payment.

- March 2010: Lucas, his wife, and his father acquired Diamond Developers, with Lucas and his wife each taking 40 percent and his father taking 20 percent. Lucas was named managing member of the LLC with complete control of its activities.

Before reaching the merits, the District Court ruled that Diamond Developers had Article III standing to challenge the forfeiture because it "established that it ha[d] a 'colorable ownership' interest over the [farm]" dating back to 2004 and was not simply Lucas's nominee. Dist. Ct. Dkt. 83, at 5–8. The Court found that before and after Lucas's conviction, Lucas's wife and father—who were not charged with crimes—took actions on the LLC's behalf that were "consistent with the ownership of the [farm]." *Id.* at 7. For example, Lucas's wife and father "agreed to assume personal liability for the repayment of the [farm's] mortgage" and "contributed their personal funds to make mortgage payments and purchase

5

farming equipment, while waiting for the receipt of the Farmland Preservation Program funds." *Id.*

Despite these findings, the District Court held that Diamond Developers's ownership of the farm did not support its argument under § 853(n)(6)(A). The District Court observed that the Lucases "did not acquire their interest[s] in the company" until after Andrew Lucas's crimes, and thus after the Government's interest vested at the time of those crimes. *Id.* at 9. The Court also emphasized that the family members obtained their interests in the LLC in a manner "intertwined with [Lucas's] criminal acts." *Id.* (citing the fraudulent mortgage application and the fraudulently obtained $250,000 down payment). For those reasons, the District Court upheld the forfeiture and entered summary judgment for the Government.

This appeal requires us to determine whether the District Court applied § 853(n)(6)(A) correctly. We hold that it did not.

III[1]

Typically, our standard of review in forfeiture cases is "bifurcated" because they "involve mixed questions of law and fact." *United States v. Lacerda*, 958 F.3d 196, 216 (3d Cir. 2020). "We review the District Court's legal conclusions *de novo* and its findings of facts for clear error." *Id.* Because the material facts are undisputed in this case, we review only the District Court's legal analysis.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Under § 853(n)(6)(A), Diamond Developers can avoid criminal forfeiture by showing that it

> has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property[.]

In other words, "if a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest"—or if the third party had an interest and the defendant did not—then the third party's right outweighs "the interest that the government acquires when it steps into the defendant's shoes" at the time of the offenses. *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991). After resolving third-party petitions challenging a forfeiture in an ancillary proceeding, "the [district] court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." FED. R. CRIM. P. 32.2(c)(2).

Here, the Government does not dispute that Diamond Developers acquired Burke Farm over five years before Lucas's crimes. *See* Gov't Br. 8–9. Nor is there any question that Diamond Developers is a legitimate, separate legal entity from Lucas. These undisputed facts suffice to vindicate Diamond Developers's claim of right under § 853(n)(6)(A) and invalidate the District Court's forfeiture order.

The Government argues that Lucas, his wife, and his father's acquisition of Diamond Developers with the illicit proceeds of Lucas's crimes "reconstituted" the LLC so it was "no longer" a third party with an interest in the farm predating the Government's interest. *Id.* at 8–9, 13, 24–25. Put another way, the Government asserts that "[t]he concepts of relation back and superior and subordinate interests do not turn on whether a criminal acquires and retains forfeitable assets in his own name." *Id.* at 9. The Government suggests that to hold otherwise would allow criminals to keep ill-gotten gains by "creat[ing] an unprincipled forfeiture loophole whenever a defendant gains and retains control of another entity [owning a property] through the proceeds of his crimes." *Id.* at 9, 15. To eliminate this risk, the Government asks us to hold that "[a] third party that attains control of a forfeitable asset solely using proceeds of a specified crime cannot rely on 21 U.S.C. § 853(n)(6)(A)." *Id.* at 16. Finally, the Government emphasizes the lack of caselaw supporting a literal application of the statutory text and points to § 853(o), which instructs courts to construe the statute "liberally" to promote "its remedial purposes." *Id.* at 2, 16 (citing 21 U.S.C. § 853(o)).

We understand and appreciate the Government's concerns about the equities of this case. After all, Lucas and his family owned Diamond Developers at the time the LLC challenged the forfeiture. But the District Court found as a matter of fact that Diamond Developers was a distinct entity, not Lucas's nominee. Since the Government has not appealed that ruling, we enforce § 853(n)(6)(A) as written and hold that the Court erred when it dismissed Diamond Developers's petition.

Contrary to the Government's admonition, our holding creates no "forfeiture loophole" for clever fraudsters. The

8

Government in this case could have sought criminal forfeiture[2] of Lucas's interest in Diamond Developers and civil forfeiture[3] of his wife and father's interests.[4] We express no opinion on

---

[2] *See* 18 U.S.C. § 982(a)(1) (authorizing criminal forfeiture of property "traceable to" property "involved in" violations of 18 U.S.C. § 1957); 18 U.S.C. § 982(a)(2) (authorizing criminal forfeiture of "any property constituting, or derived from, proceeds . . . obtained directly or indirectly, as the result of" a violation of 18 U.S.C. § 1014); 28 U.S.C. § 2461(c) (property subject to civil forfeiture—*see infra* note 3—is also subject to criminal forfeiture).

[3] *See* 18 U.S.C. § 981(a)(1)(C) (authorizing civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" under 18 U.S.C. § 1956(c)(7)); 18 U.S.C. § 1956(c)(7)(A) (defining as a "specified unlawful activity" any crime "listed in" 18 U.S.C. § 1961(1)); 18 U.S.C. § 1961(1) (listing money laundering (*i.e.*, "engaging in [illegal] monetary transactions") under 18 U.S.C. § 1957 and wire fraud under 18 U.S.C. § 1343).

[4] There is an important distinction between criminal and civil forfeitures:

> Criminal forfeitures are in personam, rather than in rem proceedings. In rem [civil] forfeiture proceedings determine the government's title to the defendant property against the whole world. An in personam [criminal] forfeiture proceeding determines the government's right to the property only against the criminal defendant. It does not resolve whatever claims third parties

9

whether the Government would have succeeded—or might yet succeed—in an appropriate criminal or civil forfeiture proceeding, but these potential options show that applying § 853(n)(6)(A)'s text does not produce a parade of horribles. It merely requires the Government follow the rules.

Citing *United States v. Zai*, 932 F. Supp. 2d 824, 828 (N.D. Ohio 2013), the Government argues that seeking forfeiture of Burke Farm rather than interests in Diamond Developers was a legitimate exercise of prosecutorial discretion. Gov't Br. 23–24. The *Zai* court rejected the arguments that: (1) an LLC's interest in forfeitable payments trumped the defendant's interest because the defendant had funneled the money to the LLC, and (2) that the Government should have sought forfeiture of the defendant's interests in another company used to funnel the money. *Zai*, 932 F. Supp. 2d at 828. *Zai* is distinguishable. In that case, the LLC's interest in the illicit funds arose *after* the defendant acquired those funds through crime. *See id.* Here, Diamond Developers bought Burke Farm years before Lucas's offenses and Lucas never owned the farm himself.

---

may have to the property. Only property owned by the criminal defendant at the time the crime was committed is subject to [criminal] forfeiture.

1 DAVID B. SMITH, PROSECUTION AND DEFENSE OF FORFEITURE CASES ¶ 2.03 (Matthew Bender 2020) (footnotes omitted); *see also United States v. Ursery*, 518 U.S. 267, 296 (1996) (Kennedy, J., concurring) ("In contrast to criminal forfeiture, see 21 U.S.C. § 853(a), civil *in rem* forfeiture actions do not require a showing that the owner who stands to lose his property interest has committed a criminal offense.").

Nor does *United States v. Petters*, 857 F. Supp. 2d 841, 844, 845 n.2 (D. Minn. 2012), help the Government. There the court held that a third party could not challenge the relationship between the property and the crime in a § 853(n) proceeding. *Id.* at 844–45. Here, both parties agree that Burke Farm's connection to Lucas's offenses is not at issue; the question is who owned the property at the time of the crimes.

Finally, the Government cites *United States v. Totaro*, 345 F.3d 989, 999 (8th Cir. 2003), also to no avail. The *Totaro* court ruled that a defendant's interest in a property held in his wife's name was forfeitable because the defendant "acquired or maintained" his interest with criminal funds. *Id.* at 998–99 (quoting 18 U.S.C. § 1963(a)). In this case, although illicit proceeds were involved in the Lucas family's acquisition of Diamond Developers, the LLC acquired the farm legitimately years before.

\*     \*     \*

The Government must turn square corners when it exercises its power to confiscate private property. Under the plain text of 21 U.S.C. § 853(n)(6)(A), Diamond Developers held valid title to Burke Farm years before the Government obtained an interest because of Andrew Lucas's crimes. For that reason, we will reverse the District Court's summary judgment against Diamond Developers.